

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Claude A. Williams
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:

Opinion No. O-3607
Re: Authority of the State Treas-
urer to establish and maintain
separate bank accounts for un-
employment compensation funds.

Your letter requests a comprehensive opinion upon
the authority of the State Treasurer to establish and main-
tain separate bank deposits for unemployment compensation
funds. The material accompanying your request reflects that
a request has been made of the Commission to require not only
separate book accounts of these funds but also that they be
deposited in the same bank.

The manner of safeguarding the funds handled by
the State Treasurer is specifically outlined in Article 2525
through Article 2543a of Vernon's Revised Civil Statutes of
Texas, 1925. The Legislature of this State has seen fit to
surround the moneys of the State of Texas or any other moneys
handled by the Treasurer of this State with all possible safe-
guards and precautions.

Procedure is outlined in Article 2525 for the crea-
tion of a State Depository Board consisting of the State
Treasurer, the Attorney General and the Banking Commissioner
of Texas. The succeeding articles upon this subject deal with
the selection of the various banks in which the funds will be
deposited; further providing for the examination of these
prospective depositories and the securities that may be re-
quired to guarantee the return of these funds.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

We are informed by letter from the State Treasurer that separate book accounts are maintained upon all of the various funds administered by the State Treasurer, but the funds themselves are commingled.

After the various State depositories are selected by reason of their having qualified under our statutes, Article 2532, Vernon's Revised Civil Statutes, provides how the funds may be deposited by the Treasurer. Article 2532, supra, reads in part as follows:

"After the depositories have qualified as provided in the preceding articles, it shall be the duty of the Treasurer to deposit the funds belonging to the State in such depositories, as far as practical on a fair percentage basis, and shall at all times keep such funds equitably prorated in proportion to the amount which each is entitled to receive by drawing warrants alternately thereon, or by apportioning the warrants so drawn."

The office of the Treasurer now handles all of the funds placed in its hands in the same manner, including the General Fund, the various special funds and the trust funds, such as escheat funds and unemployment compensation funds. The office of the Treasurer has pointed out to us that should that office be required to maintain separate bank accounts for the various funds, that when a bank sends in a group of warrants to the Treasurer for payment and these warrants were drawn on more than one fund, the State Treasurer would be required to draw as many drafts in payment of the warrant as there were funds against which the warrants were issued.

Subsequent to the enactment of the State depository laws mentioned above, the 44th Legislature enacted the Texas Unemployment Compensation Act, which has been amended by the 45th and 46th Sessions of the Legislature. The 47th Legislature amended Section 9 of the Act in some respects, but re-enacted the statute creating this fund as found in S. B. 406. Article 5221-b, Vernon's Revised Civil Statutes, Section 7, now reads in part as follows:

"Sec. 9. (a) Establishment and control: There is hereby established as a special fund, separate and apart from all public monies or funds of this state an Unemployment Compensation Fund, which shall be administered by the commission exclusively for the purposes of this act . . .

"Section (b) Accounts and deposits: The State Treasurer shall be treasurer and custodian of the fund, who shall administer such fund in accordance with the directions of the commission . . . The Treasurer shall maintain within the fund three separate accounts: (1) a clearing account, (2) an unemployment trust fund account, and (3) a benefit account. All monies payable to the fund, upon receipt thereof by the commission, shall be forwarded to the Treasurer, who shall immediately deposit them in the clearing account . . . after clearance thereof, all other monies in the clearing account shall be immediately deposited with the Secretary of the Treasury of the United States of America to the credit of the account of this State in the Unemployment Trust Fund . . . monies in the clearing and benefits accounts may be deposited by the Treasurer, under the direction of the commission, in any bank or public depository in which general funds of the state may be deposited. . . . The State Treasurer shall be liable, on his official bond, for the faithful performance of his duties in connection with the Unemployment Compensation Fund provided under this Act. Such liability on the official bond shall be effective immediately upon the enactment of this provision, and such liability shall exist in addition to the liability of any separate bond existent on the effective date of this provision, or which may be given in the future. All sums recovered for losses sustained by the fund shall be deposited therein."

These statutes having been enacted after the enactment of the State depository laws and in view of the express language of the legislature that the unemployment fund be established as a special fund, separate and apart from all

public monies or funds of this State that is in itself suffi-
cient evidence of the intention of the legislature that the
Treasurer of this State is authorized to handle these funds
as directed by the commission and not in accordance with the
general laws of the State upon the deposit of State funds.

After the informal meeting attended by representa-
tives of the Social Security Board, representatives of the
Texas Employment Compensation Commission, members of the
Treasurer's office and a member of the Attorney General's
office, the Supreme Court of Texas decided and rendered its
opinion in the case of Friedman v. American Surety Company
of New York, 151 S. W. (2d) 570. At page 580 of this opin-
ion the court said:

> "The money here involved is not the property
> of the state in any capacity, but is a trust fund
> to be held out of the State Treasury, but in the
> hands of the State Treasurer as Trustee, for the
> benefit of a class of employees whose employers
> pay it in by virtue of a tax levied, the tax being
> in the nature of an excise tax."

The Supreme Court thus said that these funds were to
be held out of the treasury. It evidently understood fully the
effect of that language for it also said that the Treasurer was
only the Trustee of the monies.

In the Friedman case the court followed its opinion
in the case of Manion v. Lockhart, 114 S. W. (2d) 217. There
the court held that the funds were trust funds to be held by
the Treasurer as custodian. The specific designation of the
unemployment funds by the legislature and the admonition as to
the establishment of a separate fund to be held apart from all
public monies of this state clearly differentiates these monies
from the general and special funds of the state.

The letter of Mr. Mitchell attached to your request
directs our attention to Section 303 (a) of the Social Security
Act. We see no reason to consider the application of this

statute for we have no information that the Texas Unemployment Compensation Commission has failed to comply with its requirement.

We notice that Section 9(b) as enacted by the 47th Regular Session of the Legislature contains the following language:

> "All moneys in this fund shall be deposited, administered and disbursed, in the same manner and under the same conditions and requirements as is provided by law for other special funds in the State Treasury."

This language was not in the Act until this amendment became effective April 24, 1941. We do not believe that it was the intention of the Legislature to alter the character of the unemployment funds at this time by this language. On the contrary, we believe that it was intended to advise the Treasurer to use the same safeguards in protecting these funds as is used with state funds. In view of the other language used in setting up this fund it does not appear to us that there was an intention that the unemployment monies be commingled with special or general funds of the State.

As examination of the decision in the Friedman case and of the pertinent statutes impresses upon us the conclusion that the State Treasurer is authorized and directed to establish and maintain separate bank accounts for unemployment compensation funds. We realize the extra burden this will place upon the Treasurer, but it is one imposed by the Legislature.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 15, 1941

(Signed) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

MH:ej

By (Signed) Morris Hodges
Morris Hodges
Assistant

APPROVED OPINION COMMITTEE
By BWB Chairman

OK
GRL